# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brian Carrington Rogers,**
**Petitioner Below, Petitioner**

**FILED**

April 5, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 11-1695** (Kanawha County 11-MISC-352)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian Carrington Rogers, *pro se*, appeals the circuit court's order, entered November 7, 2011, dismissing without prejudice his petition for a writ of habeas corpus. The respondent warden[1], by Thomas W. Rodd, his attorney, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the decision is reversed and this case is remanded for further proceedings. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to petitioner,[2] he was charged as a juvenile in 2005 with incest and sexual abuse in the first degree. Petitioner was fifteen years old at the time. Petitioner states that when he was seventeen years old, he was adjudicated as an adult and pled guilty to one count of incest and one count of first degree sexual abuse. Petitioner states that his sentencing hearing occurred on December 14, 2007.[3] Petitioner received a sentence of six to twenty years in prison. Petitioner states that he did not appeal his conviction and sentence.

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

[2] The record on appeal contains very little information about the underlying criminal case, other than petitioner's own assertions.

[3] Between the time petitioner pled guilty and his sentencing, he had a new attorney appointed to represent him. Petitioner states that he fired his first attorney.

1

On August 10, 2011, petitioner filed a petition for a writ of habeas corpus raising three grounds for relief: (1) counsel representing petitioner at the time of his plea was ineffective by promising petitioner, with the prosecutor's agreement, that he would receive probation if he pled guilty; (2) counsel representing petitioner at the time of his sentencing failed to call two witnesses who would have testified to his suitability for alternative sentencing and/or placement on probation; and (3) petitioner's sentence was disproportionate to the offenses committed given his age and other factors.[4] In an order entered November 7, 2011, the circuit court dismissed without prejudice the petition finding it contained a mere recitation of grounds without factual support.[5]

On appeal, petitioner asserts that he made specific allegations as to who, what, when, and where the facts occurred that led to the violation of his rights with respect to each ground. The respondent warden states that he agrees that the petition sets forth specific factual allegations that, if proven, might entitle petitioner to habeas relief.

In Syllabus Point One of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), this Court held as follows:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

After a careful review of the petition, this Court concludes that petitioner did set forth adequate factual allegations to be entitled to a habeas corpus hearing. *See Losh v. McKenzie*, 166 W.Va. 762, 764, 277 S.E.2d 606, 609 (1981) (construing West Virginia's post-conviction habeas corpus statute as contemplating every defendant being entitled to "one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated.").

For the foregoing reasons, we reverse the decision of the Circuit Court of Kanawha County and remand this case for the appointment of counsel and an omnibus habeas corpus hearing.

Reversed and Remanded.

---

[4] Petitioner indicates that he previously filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, which was denied. There is no indication that petitioner has had a prior habeas proceeding.

[5] Rule 4(c) of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings provides in pertinent part as follows: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal."

**ISSUED:** April 5, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II